USDC / RI
04-00108
Smith, W.

# United States Court of Appeals
## For the First Circuit

No. 05-1542

UNITED STATES,

Appellee,

v.

LUIS LORIANO,

Defendant, Appellant.

Before

Selya, Circuit Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

**JUDGMENT**

Entered: April 26, 2006

After a thorough review of the record and of the parties' submissions, we affirm. Appellant Luis Loriano's ("Loriano's") challenge to the finding that he is an Armed Career Criminal ("ACC") fails under plain error review. The state court records clearly supported the ACC finding. Nothing in Shepard v. United States, 125 S. Ct. 1254 (2005), requires the court to go beyond the written state court judgment so long as the information contained there is (as here) unambiguous. We also reject Loriano's challenge to the continuing validity of Almendarez-Torres v. United States, 523 U.S. 224, 239-40 (1998). See United States v. Ivery, 427 F.3d 69, 75 (1st Cir. 2005), cert. denied, 126 S. Ct. 1448 (2006).

We have reviewed the sentence imposed here and the district court's statements at sentencing, and we conclude that the sentence is not unreasonable. See United States v. Jiménez-Beltre, 440 F.3d 514, 518-19 (1st Cir. 2006). Though the sentencing court did not address Loriano's prior record and its relation to his drug addiction expressly, it did cite the factors listed in 18 U.S.C. § 3553(a). Moreover, the court did not seem unresponsive to Loriano's argument that his prior record was overrepresented by the armed career criminal guidelines; on the contrary, it listened to that argument and then imposed a sentence that was more than five

years below the guideline range. The court clearly stated why it sought to impose a sentence somewhere between the statutory minimum and the bottom of the guideline range, and the ultimate sentence was much closer to the statutory minimum. The sentencing judge gave a reasoned explanation for the sentence he imposed, and the outcome here is a plausible one. Giving due deference to the sentencing court's first-hand judgment of the defendant and of all the section 3553 factors, we conclude that the sentence is not unreasonable.

Finally, we reject Loriano's challenge to the conditions of his supervised release because any variation between the oral and written judgments is not material. See United States v. Melendez-Santana, 353 F.3d 93, 100 (1st Cir. 2003), overruled in part, United States v. Padilla, 415 F.3d 211 (1st Cir. 2005) (en banc) ("[W]here the conditions of supervised release announced at the sentencing hearing conflict *in a material way* with the conditions of supervised release in the written sentencing order, the oral conditions control" and the written conditions must be stricken.) (emphasis added).

Affirmed. See 1st Cir. R. 27(c).

By the Court:

Richard Cushing Donovan, Clerk.

By: MARGARET CARTER
Chief Deputy Clerk.

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

Deputy Clerk

Date: 5/19/6

[cc: Jon R. Maddox, Esq., Stephen G. Dambruch, AUSA, Donald Lockhart, AUSA]