AO 243 (Rev. 2/95)

**PETITION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

CR 04-108 S

| UNITED STATES DISTRICT COURT | District: Rhode Island | |
|---|---|---|
| Name of Movant: Luis Loriano | Prisoner No.: 05461-070 | Case No.: 04-1085 |
| Place of Confinement: F.C.I. Schuylkill | | |

UNITED STATES OF AMERICA V. Luis Loriano (name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack U.S.D.C. For The District Of Rhode Island
2. Date of judgment of conviction 4-1-05
3. Length of sentence 200 monthes
4. Nature of offense involved (all counts) 922 G(I)

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

9. If you did appeal, answer the following:

(a) Name of court United states Courts Appeals (1st circuit)

(b) Result Affirmed

(c) Date of result ____________

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?

Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court ____________

(2) Nature of proceeding Writ of Certiorari

(3) Grounds raised ____________

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐ No ☐

(5) Result N/A

(6) Date of result ____________

(b) As to any second petition, application or motion give the same information:

(1) Name of court ____________

(2) Nature of proceeding N/A

(3) Grounds raised ____________

AO 243 (Rev. 2/95)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result N/A

(6) Date of result ________

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc. Yes ☐ No ☐
(2) Second petition, etc. Yes ☐ No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

Caution: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self–incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A. Ground one: See Attached memorandum

Supporting FACTS (state *briefly* without citing cases or law)

B. Ground two:

Supporting FACTS (state *briefly* without citing cases or law)

C. Ground three:

Supporting FACTS (state *briefly* without citing cases or law)

AO 243 (Rev. 2/95)

D. Ground four: ______

Supporting FACTS (state *briefly* without citing cases or law) ______

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: ______

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒ ✓

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

(a) At preliminary hearing Edward C. Roy Federal Defenders Office
10 weybosset st. Providence R.I. 02903

(b) At arraignment and plea SAME

(c) At trial SAME

(d) At sentencing SAME

AO 243 (Rev. 2/95)

(e) On appeal ______

(f) In any post–conviction proceeding ______

(g) On appeal from any adverse ruling in a post–conviction proceeding ______

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒ ✓

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒ ✓

(a) If so, give name and location of court which imposed sentence to be served in the future: ______

(b) Give date and length of the above sentence: ______

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

______
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

9-25-07
(Date)

Luis Soriano
Signature of Movant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, (Plaintiff), | * | |
| - VS - | * | D.C. [CRIMINAL] NO. 04-1085 |
| LUIS LORIANO, PRO SE, (Defendant), | * | |

* * * * * * * * * * *

MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S
MOTION PURSUANT TO 28 U.S.C. § 2255

## ARGUMENT

**THE DISTRICT COURT ERRED WHEN IT ACCEPTED PETITIONER'S PLEA WITHOUT INFORMING HIM AS TO ALL OF THE ELEMENTS OF THE OFFENSE**

Prior to Petitioner entering a plea of guilty he was never properly informed as to the interstate commerce element of 18 U.S.C. § 922(g)(1).

Petitioner was led to believe that mere possession of a firearm by a convicted felon constituted the offense of 18 U.S.C. § 922(g)(1). Had Petitioner been made aware of the interstate commerce element Petitioner would have proceeded to trial and challenged this element.

Even at Petitioner's Change Of Plea Hearing the District Court never ascertained whether or not Petitioner understood this element or if Petitioner admitted to this element. On page #17 of the Change Of Plea Hearing Transcripts, when the District Court states, "Tell me in your own words, Mr. Loriano, what you did in this case that broke the law?" In response Petitioner states, "They caught me with a firearm." Although Petitioner readily admits to the possession element he never acknowledges the interstate commerce element.

Although after this the District Court has the U.S. Attorney briefly state the elements and how the government intended to prove them, it was still never determined whether or not Petitioner understood this particular element. The only thing the

District Court ascertained from Petitioner's answers was that he did in fact possess a firearm.

## THE DISTRICT COURT ERRED AT PETITIONER'S HEARING ON COUNSEL'S MOTION TO WITHDRAW

At Petitioner's Hearing on counsel's Motion to Withdraw the District Court never inquired with Petitioner as to the reasons why Petitioner was having problems with counsel. Instead the District Court heard counsel's opinion on the matter and then stated the District Court's opinion which was incorrect.

At this Hearing the District Court states that, "You have a right to be appointed competent counsel, and that has been done. Mr. Roy has been appointed. He's a competent counsel to represent your interests. So if you get rid of him, if you fire him, if you insist that he cannot represent you anymore, then that means you go forward and represent yourself, pro se."

Through further examination you will see that Petitioner explains that he wanted to go to trial, but cousnel told him he would be found guilty because of his record. This was the reason Petitioner took the plea he states.

The District Court should have inquired if this was the advice counsel gave Petitioner and if this was the only reason Petitioner accepted a guilty plea before making a decision on the Motion to Withdraw.

Instead of addressing the Petitioner's allegations the

District Court automatically presumed counsel gave competent advice and led Petitioner to believe that his only two options were to proceed with appointed counsel despite Petitioner's objections or to proceed pro se.

The District Court should have properly investigated Petitioner's allegations and made a determination as to whether or not counsel was competent in this particular case before making its decision on the Motion to Withdraw.

Next, Petitioner contends that in order for the United States to charge a person with a violation of 18 U.S.C. § 922(g)(1), that the firearm must be possessed in and affecting commerce. Without an affect on commerce, possession of a firearm is not a federal offense. Petitioner contends that there was no showing of an affect on commerce on the instant case. At the Change Of Plea Hearing, the government stated that the gun Petitioner possessed was manufactaure outside of the State of Rhode Islant. Therefore, at some point in its lifetime, it travelled in interstate commerce. The government believes this is enough to meet its burden of an affect on commerce.

It clearly seems the government relied on the Supreme Court's ruling in **Scarborough**, for this proposition. This decision has been invalidated by a long line of Supreme Court and Circuit Court precedents. The most wll known of these decisions being **Jones v. United States**, 140 L.Ed.2d 571.

In the **Jones** case, the Supreme Court made it clear that in

order for the United States to exercise it's commerce clause powers, it must be proven that the crime being charged had a substantial affect on commerce. If this were not so, there wouldn't be a crime in the land that didn't fall under federal jurisdiction, this is due to the fact that it can be argued that every crime committed has an economic impact.

According to the flawed line of reasoning which dictated the **Scarborough** opinion, "a person can be in possession of a screwdriver, and have intentions of committing a crime using that screwdriver. If the screwdriver were manufactured outside of the state it was possessed in, the accused can be charged with a federal offense of possession an instrument of a crime." This is not a valid exercise of the United States Commerce Clause authority.

The true intentions behind 18 U.S.C. § 922(g)(1), was to punish people who purchased firearms in states where they are cheaper or have more laz gun laws. Then they transport these guns in interstate commerce for illegal purposes. This statute was not intended to punish the mere possession of a firearm. This is evident when one tries to give intelligent content to the clause, "In and affecting commerce."

This terminologies meaning is the critical factor in determining the reach of 18 U.S.C. § 922(g)(1). Petitioner argues this clause should be taken literally, and given intelligable content. "In and affecting commerce," should be construed to mean more than mere possession of a firearm.

When Congress enacted 18 U.S.C. § 922(g)(1), the terminology, "In and affecting commerce," was included to satisfy the federal jurisdictional element. Each and every word of this clause has a meaning. The words "In and affecting," are adjectives which modify the word commerce. When reading this clause in its entirety, it is clear mere possession of a firearm is not a crime.

## PETITIONER CONTENDS THAT HIS COUNSEL WAS INEFFECTIVE

Petitioenr argues that his counsel was ineffective for failing to properly advise him on the elements of the offense of 18 U.S.C. § 922(g)(1), and for failing to file a Motion to Withdraw his guilty plea.

Petitioner contends that he was not guilty because the firearm he possessed was nto in and affecting commerce. However, counsel advised Petitioner that he should plead guilty because he would be convicted anyway based on hsi prior criminal record. This advice indcued Petitioner to plead guilty. Had Petitioner been aware of the fact that his criminal record can only be presented to the jury in limited circumstances and that it would require more than his prior record for a jury to convict him Petitioner would have proceeded to trial.

Petitioner also incorporates all of his other arguments into his claim of ineffective assistance of counsel.

**PETITIONER CONTENDS THAT AFTER HIS ORIGINAL INDICTMENT WAS DISMISSED THE GOVERNMENT WAS REQURIED TO FILE A SECOND COMPLAINT**

Petitioner was originally indicted at Criminal No. CR-04-56T. This indictment was subsequently dismissed. The government later proceeded on Indictment No. CR-04-01085.

Before the government proceeded on this second indictment they were requried to file a seperate complaint and initiate a second set of Grand Jury Proceedings. This was never done and Indicment No. CR-04-01085 should be dismissed.

## CONCLUSION

**WHEREFORE**, for the[se] above foregone reasons, all premises considered, Petitioner ever prays that this most Honorable Court grants his petition and render him the relief(s) sought, thereunder, pursuant to and in accordance with 28 U.S.C. § 2255 and, thereby, accordingly set aside his conviction, vacate his sentence and dismiss the indictment in this case or, in the alternative, Order a resentencing hearing and permit Petitioner the opportunity to further litigate his issues in a public and open forum.

Respectfully Submitted,

LL/haa
cc: Personal File

/S/ Luis Loriano
Luis Loriano, Pro Se
9-25-07