**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LUIS LORIANO** | ) | |
| | ) | |
| **vs.** | ) | **C.A. No. 07-367S** |
| | ) | **C.R. No. 04-108S** |
| **UNITED STATES OF AMERICA** | ) | |

**GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO VACATE HIS CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. §2255**

## I. INTRODUCTION

The Petitioner, Luis Loriano (Loriano), files this motion pursuant to 28 U.S.C. § 2255. In his motion, Loriano claims his attorney at the time of the entry of his guilty plea did not provide him with effective representation. Loriano specifically alleges that he was not fully inform him about the one of the elements of the offense charged in the indictment. He further claims that the court erred when it failed to grant his attorney's post plea motion to withdraw as counsel.

The government contends that Loriano's claims are without merit. Therefore, the government requests that the motion be denied and dismissed.

## II. TRAVEL AND FACTS

On November 10, 2004, a federal grand jury in the District of Rhode Island returned an indictment charging that on March 3,

2004, Loriano possessed a firearm after having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Loriano subsequently appeared before the United States District Court on January 3, 2005 and, after having been advised of and acknowledging his understanding of the elements of all three charged offenses and the terms and conditions of the plea agreement signed by him on December 28, 2004 and his agreement with the government's factual summary, pled guilty to the single count of the indictment. Subsequent to the defendant's entry of his guilty plea, defense counsel filed a motion to withdraw, which the Court denied on February 15, 2005. The Court then sentenced the defendant on April 1, 2005 to a term of 200 months incarceration, a five year term of supervised release and a $100 special assessment.

## III. ARGUMENT

### A. THE LAW OF SECTION 2255 MOTIONS

Section 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion under 28 U.S.C. § 2255 is a substitute for habeas corpus. Relief is available under this section only if the same relief is available under the writ. Hill v. United States, 368 U.S. 424, 427 (1962). The grounds justifying relief under § 2255 are limited. Section 2255 does not grant to a defendant the right to retry cases in which he has been adjudged guilty. Taylor v. United States, 177 F.2d 194, 195 (4th Cir. 1949).

In United States v. Addonizio, 442 U.S. 178, 184-85 (1979), the Supreme Court stated:

> It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment . . . [U]nless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained far more limited . . . The Court has held that an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice'. . . Similar limitations apply with respect to claimed errors of fact.

See also, Davis v. United States, 417 U.S. 333, 346 (1974).

A collateral attack may not do service for an appeal. United States v. Frady, 456 U.S. 152, 165 (1982); Dirring v. United States, 370 F.2d 862, 865 (1st Cir. 1967). To obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on a direct appeal.

The standard of review of a § 2255 motion for alleged trial errors to which no contemporaneous objection was made is not the plain error standard, but the cause and actual prejudice

standard. Frady, 456 U.S. at 166-67. A defendant cannot raise in a federal habeas proceeding issues which he failed to raise at trial or on direct appeal absent a showing of cause for the failure and a showing of prejudice. Prou v. United States, 199 F.3d 37, 47 (1st Cir. 1999); Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994).

Section 2255 provides that the Court, after receiving said motion, should hold a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Rule 4 of the Rules Governing Proceedings in the United States District Courts Under § 2255 provides in pertinent part that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the District Court, the judge shall make an order for its summary dismissal and cause the movant to be notified." The burden is on the movant to prove by a preponderance of the evidence that he is entitled to a hearing. Myatt v. United States, 875 F.2d 8, 11 (1st Cir. 1989).

The First Circuit has stated that no hearing is required where the § 2255 motion: "(1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case." Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974); United States v.

Carbone, 880 F.2d 1500, 1502 (1st Cir. 1989). Moreover, the First Circuit has also held that "no hearing is required where the district judge is thoroughly familiar with the case." Ouellette v. United States, 862 F.2d 371, 377 (1st Cir. 1988); Panzardi-Alvarez v. United States, 879 F.2d 975, 985 n.8 (1st Cir. 1989). A District Judge's personal observation and recollection of the events may supplement the record. Gregory v. United States, 585 F.2d 548, 550 n.1 (1st Cir. 1978); United States v. DiCarlo, 575 F.2d 952, 954-55 (1st Cir. 1978). In considering a motion under § 2255, the District Court should accept the movant's allegations as true "except to the extent they are contradicted by the record, inherently incredible, or conclusions rather than facts." United States v. Mosquera, 845 F.2d 1122, 1124 (1st Cir. 1988).

B. INEFFECTIVE ASSISTANCE OF COUNSEL

The two-part test for evaluating ineffective assistance of counsel claims was established by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687-688 (1984). A defendant must show both: 1) that his attorney's performance fell below an objective standard of reasonableness; and 2) that he was prejudiced as a result of his attorney's deficient performance. Id.; Mathews v. Rakiey, 54 F.3d 908, 916 (1st Cir. 1995); Scarpa v. Dubois, 38 F.3d 1, 8-9 (1st Cir. 1994); United States v.

Caggiano, 899 F.2d 99, 101 (1st Cir. 1990). The defendant's burden is by the preponderance of the evidence.

With regard to the first element, "[c]ounsel's judgment is subject to highly deferential review," United States v. Gomes, 177 F.3d 76, 83 (1st Cir. 1999) and "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. The defendant must establish that counsel's performance was not within the wide range of reasonable professional assistance. Singleton v. United States, 26 F.3d 233, 238 (1st Cir. 1994). The Court should indulge a "'strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance.'" Singleton, 26 F.3d at 238 (quoting Strickland, 466 U.S. at 689); See also Scarpa, 38 F.3d at 8.

Prejudice exists when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Gonzalez-Soberal v. United States, 244 F.3d 273 (1st Cir. 2001). Where, as here, the focus of the ineffective assistance claim is defense counsel's performance during the plea process, the prejudice requirement should be focused on whether counsel's constitutionally defective performance affected the outcome of the plea process. Hill v. Lockhart, 474 U.S. 57, 59 (1985). The

petitioner, therefore, must show that, but for defense counsel's errors, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. Id.

C. ISSUES

1. Understanding the Elements of the Offense

Loriano complains that his attorney failed to fully explain to him the elements of the offense charged in the indictment. If, in fact, the petitioner did plead guilty to this crime without having been informed of the elements, the plea would be invalid and should be vacated. Bradshaw v. Stumpf, 545 U.S. 175, 182-83 (2005). That, however, was not the situation here. Rather, the defendant's own sworn statements clearly establish that, prior to the entry of his guilty pleas, he was both informed and well aware of the elements of the offense charged in the indictment.

During the course of the change of plea hearing on January 3, 2005, Loriano, while under oath and in response to a series of questions from the Court, stated that he had received a copy of the indictment and reviewed it with his attorney (plea transcript @ pp. 3-4). He further affirmed that he understood the charge brought against him in the instant case and that he was satisfied with the representation he had received from his defense counsel (plea transcript @ p. 4). Subsequent to that exchange with the

Court, the prosecutor listed aloud in the petitioner's presence the elements of the offense in question (plea transcript @ p. 18), followed by a review of the evidence that the government would have introduced to prove those elements beyond a reasonable doubt (plea transcript @ pp. 18-20). Loriano, who was still under oath, then acknowledged that he had listened carefully to the prosecutor's recitation of the facts and agreed that they were an accurate description of what actually happened in this case (plea transcript @ pp. 20-21). Significantly, the prosecutor specifically mentioned the commerce element in his review of the elements of the offense (plea transcript @ p. 18). Furthermore, during the factual recitation, the prosecutor stated that the government would have introduced evidence establishing that the firearm possessed by Loriano had been manufactured outside of the State of Rhode Island and then subsequently transported over state lines, thereby becoming part of interstate commerce (plea transcript @ p. 20). Since the government need only prove that the firearm unlawfully possessed by Loriano traveled in interstate commerce at some point in its existence, the prosecutor's statement of the evidence the government intended to introduce on this point and the defendant's agreement with those facts is more than sufficient to establish the required nexus with interstate commerce. Scarborough v. United

States, 431 U.S. 563 (1977); United States v. Cory, 207 F.3d 84, 88-91 (1st Cir. 2000).

2. Court's Denial of Counsel's Motion to Withdraw

Loriano also complains that Court erred by denying his counsel's motion to withdraw, which was filed after the Loriano's entry of his guilty plea but before sentencing. In support of his argument, defendant claims that he only pled guilty because defense counsel told him that he would be convicted based upon his criminal record. He further asserts that he was dissatisfied with the advice given to him by counsel during the pendency of the instant case. All of those assertions are, however, contradicted by Loriano's sworn statements during the January 3rd change of plea hearing.

At the time of that hearing, Loriano stated under oath that he was satisfied with his attorney's representation (plea transcript @ p. 4). He also assured the Court that no one had attempted to force him to plead guilty (plea transcript @ p. 12) and that it was his wish to plead guilty (plea transcript @ p. 21).

3. Failure to File Complaint

Loriano contends that the government was required to file a new complaint against him following the dismissal of his first indictment. That contention is simply inaccurate. Furthermore, Loriano mistakenly claims that the government failed to initiate

a second set of grand jury proceedings. A review of the record reveals that a second grand jury did return an indictment against the defendant in the instant case on November 10, 2004.

## VI. CONCLUSION

The United States therefore requests that the petitioner's motion be denied and dismissed.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Stephen G. Dambruch

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
RI Bar No. 3309
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
stephen.dambruch@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of October 2007, I caused to be served a copy of the within Government's Response by postage prepaid mail to:

Luis Loriano
Prisoner No. 05461-070
Federal Correctional Institution, Schuykill
P.O. Box 759
Minersville, PA 17954

/s/ Stephen G. Dambruch

Stephen G. Dambruch
Assistant U.S. Attorney
RI Bar No. 3309
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
stephen.dambruch@usdoj.gov